UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

In re:                                          )
                                                ) Case No. 19-10317
BON WORTH, INC.,                                )
                                                ) Chapter 11
                          Debtor.               )

**LIMITED OBJECTION TO EMERGENCY MOTIONS OF DEBTOR-IN-POSSESSION FOR FINAL ORDERS (I) AUTHORIZING THE DEBTOR-IN-POSSESSION (A) TO ENTER INTO POST-PETITION LOANS WITH CROSSROADS FUNDING I, LLC AND MERCHANT COTERIE, INC. AND (B) TO USE CASH COLLATERAL AND (II) GRANTING RELATED RELIEF**

The Office of the Bankruptcy Administrator for the Western District of North Carolina ("Bankruptcy Administrator") objects (the "Objection") to (i) *Emergency Motion of Debtor-in-Possession for Interim and Final Orders (I) Authorizing the Debtor-in-Possession (A) to Enter into Post-Petition Loans with Crossroads Funding I, LLC and Merchant Coterie, Inc. and (B) to Use Cash Collateral and (II) Granting Related Relief* filed on August 16, 2019 [Docket No. 16] (the "Crossroads Motion") and (ii) *Emergency Motion of Debtor-in-Possession for Interim and Final Orders (I) Authorizing the Debtor-in-Possession (A) to Enter into Post-Petition Loans with Merchant Coterie, Inc. and (B) to Use Cash Collateral and (II) Granting Related Relief* filed on August 20, 2019 [Docket No. 33] (the "Merchant Coterie Motion" and, together with the Crossroads Motion, the "DIP Loan and Cash Collateral Motions") and says:

1. This is a Chapter 11 case in which a voluntary petition was filed on August 16, 2019 (the "Petition Date"). The Debtor included with the petition its List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "Top Twenty List").

2. The Court held an interim hearing on the DIP Loan and Cash Collateral Motions on August 21, 2019, and, at the request of the parties, scheduled a final hearing for September 3, 2019.

3. Federal Rule of Bankruptcy Procedure 4001(b)(2) provides that the Court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion.

4. Pursuant to Federal Rule of Bankruptcy Procedure 9006(a)(1), the earliest a final hearing can be held on the Merchant Coterie Motion is September 4, 2019.

5. As required by Federal Rule of Bankruptcy Procedure 4001(b)(1)(C), cash collateral motions must be served on the holders of the twenty largest unsecured claims if an unsecured creditors' committee ("UCC") has not been formed.

6. The Bankruptcy Administrator's Office has been contacted by counsel for the following parties regarding their interest in serving on the UCC:

   a. Double Take Fashions, Inc., which asserts monetary claims against the Debtor in the amount of $727,341.51 for breach of contract, quantum meruit, and unjust enrichment;

   b. GACC, LLC, d/b/a Shenanigans, which asserts claims against the Debtor in the amount of $445,066.65 for breach of contract;

   c. Runway 7 Fashions, Inc., which asserts monetary claims against the Debtor in the amount of $429,121.00 for failure to pay for goods delivered to and accepted and sold by the Debtor.

Copies of the letters alerting the Bankruptcy Administrator to these claims are attached hereto as Exhibit A and B, respectively (the "Correspondence").

7. As set forth in the Correspondence, the Bankruptcy Administrator is informed that the Debtor excluded a number of litigation counterparties from its Top Twenty List, many of which assert damages well in excess of the amounts owed to the creditors listed.

8. The Bankruptcy Administrator has requested that the Debtor amend the Top Twenty List to include these additional parties, even if such parties should be listed as

contingent, disputed, and/or unliquidated, but it has refused, claiming that the Debtor's books and records do not reflect any amounts owed to these parties.

9. The Bankruptcy Administrator is unsure what other litigation is pending and what damages have been demanded. The Bankruptcy Administrator has requested that the Debtor provide a schedule of litigation pending as of the Petition Date but, as of the date of this Objection, the Debtor has not provided this information.

10. The Debtor filed a Motion to Extend the Time to File Schedules and Statements through September 13, 2019 [Docket No. 28]. The motion was granted at the hearing on August 21, 2019, but, as of the filing of this Objection, no order has been entered. No schedules or statement have been filed since the Debtor's initial filing.

11. The Notice of Chapter 11 Bankruptcy Case for this Debtor was docketed on August 28, 2019 [Docket No. 51]. It is not yet apparent from the docket whether the notice has been served on the creditor matrix.

12. Given the insufficient notice of the final cash collateral motion under Federal Rule of Bankruptcy Procedure 4001(b)(2) and the Debtor's decision to exclude certain litigation counterparties from the Top Twenty List, who have therefore received no notice of the relief requested in the DIP Financing and Cash Collateral Motions – nor official notice of the filing of this case – the Debtor has failed to provide adequate notice of the final hearing on the DIP Financing and Cash Collateral Motions as required by Federal Rule of Bankruptcy Procedure 4001.

Wherefore, the Bankruptcy Administrator requests that the Court:

A. hold an interim hearing on the DIP Financing and Cash Collateral Motions on September 3, 2019,

B. require the Debtor to serve the DIP Financing and Cash Collateral Motions on any litigation counterparties asserting claims against the Debtor in excess of $45,000.00,

3

C. set a future date for the final hearing on the DIP Loan and Cash Collateral Motions at least fourteen days from the date of service on the litigation counterparties, and

D. grant such other and further relief as the Court deems just and proper.

Dated: August 30, 2019.

/s/ Alexandria P. Kenny
Alexandria P. Kenny
Staff Attorney
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC  28202-1669
N.C. Bar #24352
Telephone: (704) 350-7587   Fax: (704) 344-6666
Email: alexandria_p_kenny@ncwba.uscourts.gov

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the pleading(s) or paper(s) to which this Certificate is affixed was served upon the party(s) to this action listed below by depositing a copy of the same, enclosed in a first-class postpaid, properly addressed wrapper, in a Post Office or official depository under the exclusive care and custody of the United States Postal Service and/or by means of the Electronic Filing System of the Bankruptcy Court on August 30, 2019.

Bon Worth, Inc.
40 Francis Road
Hendersonville, NC 28792-9314

Paul R. Baynard
Amy Purwin Hunt
*-Served electronically*

Glenn C. Thompson
Melanie Raubach
*-Served electronically*

Felton Parrish
*-Served electronically*

Kevin M. Newman
*-Served electronically*

Lisa Pashkoff
Ahmed Aly Massoud
*-Served electronically*

      /s/ Alexandria P. Kenny
      Alexandria P. Kenny
      Staff Attorney
      United States Bankruptcy Administrator
      402 W. Trade Street, Suite 200
      Charlotte, NC  28202-1669
      N.C. Bar #24352
      Telephone:  (704) 350-7587   Fax:  (704) 344-6666
      Email: alexandria_p_kenny@ncwba.uscourts.gov