**EXHIBIT C**

**CONFIDENTIALITY AGREEMENT**

[attached]



September ___, 2019

Dear First Last Name,

Company Name ("you") have requested that we, on behalf of and as agent for our client Bon Worth Inc. (together with any parent company or subsidiaries, the "Company"), provide you with non-public information concerning the Company's business, operations, projections, financial condition and assets in connection with a possible transaction with the Company (the "Transaction").  As a condition to such information being furnished to you, you agree to treat any tangible information, whether written or electronic, concerning the Company (whether prepared by the Company, its directors, officers, employees, attorneys, accountants, consultants, agents, lenders or financial advisors (collectively, the "Company Representatives") or otherwise and irrespective of the form of communication) that in the future is furnished to you (the "Confidential Information") in accordance with the provisions of this letter agreement and to take or abstain from taking certain other actions as hereinafter set forth.

    1.    The term "Confidential Information" shall be deemed to include (i) any information (including historical financial information that has not been publicly disclosed), concerning the business, operations, financial condition or projections and assets of the Company included in information that in the future is furnished by or on behalf of the Company to you or your Representatives (as defined herein) and (ii) any portions of any notes, analysis, compilations, studies, interpretations, memoranda or other documents and writings prepared by you which contain, reflect or are based upon, in whole or in part, any information described in clause (i) above that in the future is furnished to you or your Representatives. The term "Confidential Information" does not include information which (A) is or becomes generally available to the public other than as a result of a disclosure by you in violation of this letter agreement, (B) was already known to you or your Representatives or already within your or their possession prior to its being furnished to you by or on behalf of the Company, provided that such information was not, to your knowledge, provided by a party in breach of a confidentiality agreement with, or in breach of another legal or fiduciary obligation of confidentiality to, the Company with respect to such information, (C) is or becomes available to you from a source other than the Company, provided that the source of such information was not known by you to be in breach of a confidentiality agreement with or other contractual, legal or fiduciary obligation of confidentiality to the Company or any of its affiliates with respect to such information or (D) is independently developed by you or your Representatives without incorporation of any Confidential Information.  Confidential Information shall not be deemed to fall within the exceptions of clauses (A) and (B) above merely because it is included in a document which also includes information that does fall within such exceptions.

2. You hereby agree that you shall use the Confidential Information solely for the purpose of evaluating the Transaction, that the Confidential Information will be kept confidential, and that you will not disclose to any person, other than your affiliates and your and their respective directors, officers, employees, members, partners, potential financing sources, agents, or advisors (including, without limitation, counsel, accountants, consultants, insurers, rating agencies, bankers, and financial and operating advisors) who need to know the Confidential Information for the purpose evaluating the Transaction (collectively, your "Representatives"), any of the Confidential Information (it being understood that any such Representative shall be informed by you of the confidential nature of such information and shall agree to treat such information confidentially). In any event, you shall be responsible for any breach of this letter agreement by your Representatives.

3. In addition, you agree that, without the consent of the Company, you shall not disclose to any person the fact that the Confidential Information has been made available to you, that existence of any discussions or negotiations concerning the Transaction (if any such discussions or negotiations occur), or any of the terms, conditions, or other facts with respect to the Transaction, including the status thereof. You recognize and acknowledge that damage could result to the Company if the Confidential Information were used or disclosed except as authorized by this letter agreement. The term "person" as used in this letter agreement shall be broadly interpreted to include the media, any governmental representative, authority or tribunal, and any corporation, partnership, group, individual or other entity.

4. In the event that you are requested or required (by law, court order, stock exchange or self-regulatory organization, oral questions, interrogatories, requests for information or documents in legal proceedings, governmental agency or regulatory body (including, without limitation, the Securities and Exchange Commission), subpoena, civil investigative demand or other similar process) to disclose any Confidential Information, you shall provide the Company with written notice of any such request or requirement as promptly as practicable (unless you are prohibited by applicable laws from doing so) so that the Company may seek at its sole cost and expense a protective order or other appropriate remedy and/or waive compliance with the provisions of this letter agreement. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Company, you are nonetheless, in the opinion of your legal counsel, legally required to make any such disclosure of Confidential Information to any person, you may, without liability hereunder, disclose to such person only that portion of the Confidential Information that is legally required to be disclosed, provided that you will use your reasonable efforts to assist the Company, at the Company's expense, in obtaining an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Confidential Information by such person.

5. Upon the written request of the Company for any reason, you will promptly redeliver to the Company all written or electronic Confidential Information provided to you by the Company or Company Representatives (or, at your option, you may destroy all such Confidential Information and such destruction shall, upon the written request of the Company, be certified in writing to the Company by an authorized officer supervising such destruction) and you shall not retain any copies, extracts or other reproductions in whole or in part of such Confidential

Information, including any electronic, audio, digital or other back-up copies of the Confidential Information, except as required to be maintained by law or your internal document retention policies, so long as such retained copies are kept in accordance with the provisions of this letter agreement. All Confidential Information consisting of documents, memoranda, notes and other writings whatsoever prepared by you based on information in the Confidential Information, including any electronic, audio, digital or other back-up copies of the Confidential Information, shall be destroyed and no copy thereof shall be retained and such destruction shall, upon the written request of the Company, be certified in writing to the Company by an authorized officer supervising such destruction, except as required to be maintained by law or your internal document retention policies, so long as such retained copies are kept in accordance with the provisions of this letter agreement. Notwithstanding the return or destruction of the Confidential Information, you shall continue to be bound by your obligations of confidentiality and other obligations hereunder.

6. You acknowledge that neither the Company nor any Company Representative makes any representation or warranty, express or implied, as to the accuracy or completeness of the Confidential Information. You agree that neither the Company nor any Company Representative shall have any liability to you or any of your affiliates or investors relating to or resulting from any errors or omissions in the Confidential Information. You will be entitled to rely solely on such representations and warranties as may be included in any definitive agreement with respect to the Transaction, subject to such limitations and restrictions as may be contained therein.

7. All Confidential Information shall be and shall remain the property of the Company, and nothing contained in this letter agreement shall be construed as granting to you any rights by license or otherwise in any Confidential Information. You understand and acknowledge that nothing herein requires the disclosure to you of any Confidential Information, which shall be disclosed if at all, solely at the option of the Company. The Company, in its sole discretion, may withhold from or redact competitive information contained in the Confidential Information. Nothing in this letter agreement obligates the Company to make any particular disclosure of Confidential Information or to complete, revise or update any Confidential Information.

8. You are aware (and your Representatives who are apprised of this matter have been advised) that United States securities laws may prohibit any person who has received material non-public information concerning any company from purchasing or selling securities of such company, or from communicating such information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell such securities in violation of those laws. In the event that you or your Representatives purchase or sell securities of the Company in violation of any such prohibition, you agree to indemnify and save harmless the Company with respect to any and all damages, costs and expenses which the Company may suffer to the extent that they result directly from any such purchase or sale.

9. You recognize and acknowledge the confidential nature of the Confidential Information and that irreparable damage may result to the Company if information contained therein or derived therefrom, as well as any other Confidential Information, is disclosed to any third party except as herein permitted or is used for any purpose other than the evaluation of the

possible Transaction. It is further understood and agreed that money damages may not be a sufficient remedy for any breach of this letter agreement. Accordingly, it is agreed by you that the Company shall be entitled to seek an injunction or injunctions to prevent breaches or threatened breaches of this letter agreement and/or to specific performance of this letter agreement. Such remedies shall not be deemed to be the exclusive remedies for a breach by you of this letter agreement but shall be in addition to all other remedies available at law or equity to you or the Company. Furthermore, you agree that you will notify the Company if you become aware of any unauthorized disclosure of any Confidential Information.

10. THIS LETTER AGREEMENT IS GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH LAWS OF THE STATE OF NORTH CAROLINA WITHOUT GIVING EFFECT TO ANY CHOICE OR CONFLICT OF LAW PROVISION OR RULE (WHETHER OF THE STATE OF NORTH CAROLINA OR ANY OTHER JURISDICTION) THAT WOULD CAUSE THE APPLICATION OF THE LAWS OF ANY JURISDICTION OTHER THAN THE STATE OF NORTH CAROLINA. THE PARTIES MUTUALLY CONSENT TO THE EXCLUSIVE JURISDICTION OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AND AGREE THAT ANY ACTION, SUIT OR PROCEEDING CONCERNING, RELATED TO OR ARISING OUT OF THIS LETTER AGREEMENT AND THE NEGOTIATION OF THIS LETTER AGREEMENT WILL BE BROUGHT ONLY IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AND THE PARTIES AGREE THAT THEY WILL NOT RAISE ANY DEFENSE OR OBJECTION OR FILE ANY MOTION BASED ON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, INCONVENIENCE OF THE FORUM OR THE LIKE IN ANY CASE FILED IN A THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA.

11. During the period commencing on the date of this Agreement and terminating one year after the date hereof (the "Standstill Period"), without the prior express written consent of the board of directors of the Company, neither you, your affiliates or any person acting jointly or in concert with you or your affiliates shall: (a) in any manner acquire, agree to acquire or make any proposal or offer to acquire, directly or indirectly, any (i) debt and/or securities of the Company or (ii) material portion of the assets of the Company, or of any successor to or person in control of the Company; (b) propose or offer to enter into, directly or indirectly, any merger or business combination involving the Company; (c) directly or indirectly solicit, or participate or join with any other person in the solicitation of, any proxies to vote, or to seek to advise or to influence any person with respect to the voting of, any securities of the Company; (d) discuss with any creditor of the Company any information regarding the Company, the Company's debt obligations held by any such creditor, the Transaction, or any matter related to the foregoing; (e) otherwise act, alone or in concert with others to seek to control or to influence the management, board of directors or policies of the Company; (f) make any public or private disclosure of any consideration, intention, plan or arrangement inconsistent with any of the foregoing; or (g) advise, assist or encourage any other person in connection with any of the foregoing.

12. It is understood and agreed that no failure or delay by the Company in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or

partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

13. In the event that any of the provisions of this letter agreement shall be held by a court or other tribunal of competent jurisdiction to be illegal, invalid or unenforceable, such provisions shall be limited or eliminated to the minimum extent necessary so that this letter agreement shall otherwise remain in full force and effect. The parties to this letter agreement acknowledge that they each have had the opportunity to review this letter agreement with their respective counsel and, therefore, agree that the rule of construction that ambiguities shall be construed against the drafter shall not be applicable.

14. No amendment or modification of this letter agreement shall be binding unless made by written instrument signed by both parties hereto. This letter agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same agreement. This letter agreement supersedes all prior discussions and writings and constitutes the entire agreement between you and the Company with respect to the subject matter hereof.

15. This letter agreement shall terminate and be of no further force or effect upon the earlier of: (i) two (2) years from the date hereof or (ii) the date of execution of a definitive agreement regarding the Transaction; provided that such termination shall in no way affect the Company's rights with respect to a breach by you or your Representatives of the terms of this letter agreement which occurred prior to the date of such termination.

* * * * *
[Signature Page Follows]

Please confirm your agreement with the foregoing by signing and returning one copy of this letter to the undersigned, whereupon this letter agreement shall become a binding agreement between you and the Company.

Very truly yours,

The Finley Group Inc.,
on behalf of and as agent for the Company

By: _____
Name:  Matthew W. Smith
Title:   Managing Director

Accepted and agreed as of the date first written above:

[_____]

By: _____
Name: _____
Title: _____

4848-5898-2308, v. 1